IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVERY CLARK WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00103-G-BT |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

In this removed civil action, Defendants Bryan Collier, Executive Director for the Texas Department of Criminal Justice (TDCJ), and Michael Adams, Parole Commissioner for the Texas Board of Pardons and Paroles (TBPP), have filed a Rule 12(c) motion to dismiss *pro se* Plaintiff Ivery Clark Williams's claims against them (ECF No. 6), and Williams has filed two motions to remand (ECF Nos. 13, 22). For the reasons set forth below, the Court should DENY Williams's motions to remand, GRANT Defendants' Rule 12(c) motion, and DISMISS this case with prejudice. The Court need not reach any of the other pending motions.[1]

---

[1] Williams has also filed a "Motion for Contempt of Court Order Under Rule 65(d)" (ECF No. 11); a motion for summary judgment (ECF No. 15); a "Motion for a Declaratory Judgment Rule #57" (ECF No. 16); a "Motion to Object to Any Stay to Take Away My Civil Rights Under Federal Rules 56 and 57" (ECF No. 20); a "Motion to Reurge Expedited Date for a Hearing for Declaratory Judgment" (ECF No. 21); and a "Motion for Equal Justice Under the Law" (ECF No. 23). Defendants have further filed a motion to stay the case pending resolution of Qualified Immunity (ECF No. 17).

1

**Background**

Williams, a former Texas state inmate who is now on parole, brings this lawsuit under 42 U.S.C. § 1983 against Collier and Adams in their official and individual capacities, alleging violations of his constitutional rights under the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. *See* Am. Compl. (ECF No. 8). Williams also brings claims under state law for negligence and false imprisonment. *Id.* In his live pleading (ECF No. 8), Williams contends that Defendants' inaccurate record-keeping led to an incorrect computation of his sentences and improper revocation and denials of his parole. *Id.* at 2–5.

Williams is no stranger to this Court—or to various other courts in Texas. Over a period of more than three decades, Williams has filed multiple § 1983 lawsuits[2] and several § 2254 petitions for federal habeas corpus relief[3] generally premised on the same allegations presented here. The vast majority of these prior actions have been dismissed.

Conveniently, another Magistrate Judge in this District summarized the factual and procedural background underlying Williams claims:

> In 1965, [Williams] pled guilty in Criminal District Court Number 2, Dallas County, Texas to one count of rape, four counts of robbery, and

---

[2] *See, e.g., Williams v. Owens*, No. 6:05-cv-00420-JDL (E.D. Tex. 2005); *Williams v. Tex. Bd. Pardons & Parole*, 2018 WL 851377 (N.D. Tex. Jan. 23, 2018) (Toliver, J.), *adopted by* 2018 WL 837761 (N.D. Tex. Feb. 13, 2018) (collecting cases and noting that "[a] review of PACER reveals that Plaintiff has filed 42 cases within the Fifth Circuit's jurisdiction since 1988, most of which raise the same or similar issues that Plaintiff raises in this case").
[3] *See, e.g., Williams v. Davis*, No. 3:14-cv-02652-N-BN (N.D. Tex. 2014); *Williams v. Director, TDCJ-ID*, No. 6:01-cv-00543-WMS (E.D. Tex. 2001).

> one count of assault with intent to commit rape. (*In re Williams*, WR–1,724–03, filed with Tex. Court of Crim. App. May 12, 1970, pg. 10). He was sentenced to life imprisonment for all of these crimes except for the assault with intent to commit rape conviction, for which he received a sentence of twenty-five years. (*Id.*) [Williams] was paroled in 1977. (Petition for Writ of Habeas Corpus filed by petitioner Feb. 5, 2008, Cause No. 2:08–CV–015, Doc. # 1 . . .). While on parole, [Williams] was convicted by the 320th Judicial District Court, Potter County, Cause number 19101 D, of aggravated robbery. He was sentenced to a ninety-nine (99) year term in prison in July 1979. His parole was revoked.
>
> [Williams] appealed the Potter County conviction and successfully argued the trial court erred by ordering the ninety-nine (99) year sentence to run consecutively to the Dallas County sentences. *See Williams v. State*, 675 S.W.2d 754, 760 (Tex.Crim.App.1984). The Texas Court of Criminal Appeals set aside the cumulation order in the trial court's sentence and set the punishment's start date on the day sentence was originally pronounced. *Id*. On rehearing, however, the Court of Criminal Appeals reversed its earlier decision and upheld the trial court's original sentence cumulating punishments. *Id*. at 764–65.

*Williams v. Quarterman*, 2009 WL 464235, at *1 (N.D. Tex. Feb. 24, 2009) (footnotes omitted).

Williams filed the instant case in December 2023 in County Court at Law No. 3 in Dallas County. Defendants filed an answer, timely removed the case to federal court, *see* Not. Removal (ECF No. 1), and moved for judgment on the pleadings pursuant to Rule 12(c). Williams filed a response to Defendant's Rule 12(c) motion, as well as two motions to remand the case to state court.

## Motions to Remand

As an initial matter, the Court considers Williams's two motions to remand this case to state court.

3

Defendants removed this case to federal court on January 12, 2024. *See* Not. Removal. On February 15, Williams filed a "Motion to Transfer Case," which the Court construes as a motion to remand because it seeks to consolidate this case with another case currently pending in Dallas County Court. *See* Mot. Transfer 1. Williams filed a second "Motion to Remand to State Court" on May 29, arguing that the case must be remanded to the state court because "it has not been shown that at the time of removal, that the court had the jurisdiction." Mot. Remand 1. Williams's request to remand is procedurally improper and without merit.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Although Williams mailed his first motion to the Court on February 12, 2024, the Court did not receive it until February 15—more than 30 days after Defendants filed their notice of removal. Thus, to the extent that Williams bases his motion on any defect other than lack of subject matter jurisdiction, the motion is untimely.[4]

Moreover, Williams's civil rights claims arise under federal law—42 U.S.C. § 1983. And his state law claims are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy." Thus, the Court may properly exercise subject matter jurisdiction over the entire

---

[4] The prisoner mailbox rule applies to prisoners who are proceeding *pro se*, but when a litigant is not incarcerated, the prison mailbox rule does not apply. *Brown v. Taylor*, 829 F.3d 365 (5th Cir. 2016). As Williams is on parole, he is not entitled to avail himself of the mailbox rule.

4

action. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (U.S. 1986); 28 U.S.C. § 1367(a). The District Judge should DENY Williams's Motion to Transfer (ECF No. 13) and Motion to Remand (ECF No. 22).

## Motion to Dismiss

### Legal Standard

A motion under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey*, 197 F.3d at 774. Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion [for judgment on the pleadings] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings,* 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594

5

F.3d 383, 387 (5th Cir. 2010)*); see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.,* 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings." (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999))), *aff 'd,* 824 F. App'x 210 (5th Cir. 2020).

In addition, courts may take judicial notice of matters of public record. *See Joseph v. Bach & Wasserman, L.L.C.,* 487 F. App'x 173, 178 (5th Cir. 2012) (affirming that when ruling on a motion to dismiss, courts may take judicial notice of matters of public record, such as a pleading filed with a state district court); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (in the context of analyzing a res judicata contention in a motion to dismiss, clarifying that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").

Therefore, to survive a Rule 12(b)(6) or Rule 12(c) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.*

The court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002) (per curiam)), "to prevent the loss of rights due to inartful expression." *Marshall v. Eadison*, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)). But "such a liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) (Boyle, J.) (footnote omitted).

## Analysis

Defendants urge the Court to dismiss Williams's Complaint because (1) his claims are barred by the applicable statute of limitations; (2) his § 1983 claims are barred by res judicata and collateral estoppel; (3) his claims for monetary damages and his state law tort claims are barred by sovereign immunity; and finally, (4)

7

Defendants are entitled to qualified immunity. *See* Mot. Dismiss. Because Williams's § 1983 claims are barred by res judicata, the Court may pretermit consideration of Defendants' statute of limitations and qualified immunity arguments. Williams's state law tort claims are barred by the Eleventh Amendment and the Texas Tort Claims Act (TTCA). The undersigned therefore recommends that the District Judge grant Defendants' Motion to Dismiss.

1. *Section 1983 Claims*

Defendants argue that Williams's § 1983 claims have already been fully and fairly litigated in prior causes of action, and therefore they must be dismissed as barred by res judicata and collateral estoppel.[5] Mot. Dismiss 5–9. According to Defendants, "since 2005 Williams has filed multiple 42 U.S.C. § 1983 lawsuits regarding his allegations, which he sets forth in the present cause of action, that

---

[5] Res judicata is not expressly listed as a defense that may be raised in a Rule 12(b) motion; rather, Rule 8(c) includes it as an affirmative defense. Fed. R. Civ. P. 8(c), 12(b); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017) (per curiam) (citing Fed. R. Civ. P. 8(c), 12(b)). But "when a successful affirmative defense appears on the face of the pleadings" and matters the court may judicially notice, "dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); accord *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."). Because res judicata is an affirmative defense, Defendants bear the burden to plead and prove it. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) ("Claim preclusion, like issue preclusion, is an affirmative defense. Ordinarily, it is incumbent on the defendant to plead and prove such a defense, and we have never recognized claim preclusion as an exception to that general rule." (citations omitted)). Defendants pleaded the affirmative defense in their answer. Ans. 2 (ECF No. 4).

his parole and sentencing had been miscalculated." *Id.* at 2. Indeed, Williams's significant history of filing lawsuits in this district and others involving the same or similar allegations has been well-documented, both in Defendants' motion and by the Court. *See Williams v. Tex. Bd. Pardons & Parole*, 2018 WL 851377 (N.D. Tex. Jan. 23, 2018), *adopted by* 2018 WL 837761 (N.D. Tex. Feb. 13, 2018) (the "2018 Case") (collecting cases and noting that "[a] review of PACER reveals that Plaintiff has filed 42 cases within the Fifth Circuit's jurisdiction since 1988, most of which raise the same or similar issues that Plaintiff raises in this case").

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)) (citing *Brown v. Felsen*, 442 U.S. 127 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")). Application of the doctrine res judicata requires that: (1) the parties were identical in the two actions or the non-party's interests were adequately represented by a party to the prior action; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Eubanks v. F.D.I.C.*, 977 F.2d 166, 169–70 (5th Cir. 1992) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc)). The test for application of collateral estoppel—or issue preclusion—is similar and

consists of the following three elements: (1) the issue to be concluded must be identical to that involved in the prior action; (2) in the prior action, the issue must have been "actually litigated"; and (3) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. *Int'l Assn. of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 131–32 (5th Cir. 1975).

Defendants argue that Williams's claims must be dismissed because he has already litigated the same claims and issues that he brings in this case. Defendants highlight a 2005 case, *Williams v. Owens*, in which "Williams alleged the Texas Parole Board . . . (1) miscalculated his parole eligibility date and denied him parole reconsideration for 20 years rather than conducting a yearly review; (2) the amended statute at issue was impermissibly applied to his case retroactively and significantly increased his sentence; and (3) TBPP stacked his sentence in violation of his constitutional rights." Mot. Dismiss 7; *Williams v. Owens*, No. 6:05-cv-00420-JDL (E.D. Tex. 2005) (the "2005 case"). In the 2005 case, the court dismissed Williams's § 1983 claims regarding his parole and the procedures used, concluding that these claims were meritless and had been previously addressed and rejected by the Fifth Circuit in a number of other cases. *See* Memorandum at 1, *Williams v. Owens*, No. 6:05-cv-00420-JDL (E.D. Tex. Mar. 20, 2006), ECF No. 53. The court also dismissed Williams's other claims regarding the Ex Post Facto Clause, the Equal Protection Clause, and the doctrine of separation of powers as meritless. *Id.*

Additionally, this exact issue—the preclusion of Williams's § 1983 claims based on the 2005 case—has already been considered by another judge in this District. *See Williams*, 2018 WL 851377, at *3–4 (the "2018 case"). That case involved a § 1983 claim in which Williams alleged that he unlawfully served the same sentence twice and was required to serve 20 years before parole eligibility in violation of his constitutional rights. The court concluded that the 2018 case presented identical parties to the 2005 case, included § 1983 claims that were identical to or could have been raised in the 2005 case, and a final merits judgment by a court of competent jurisdiction. *See id.* at *4. The court dismissed Williams's § 1983 claims with prejudice, concluding that "[Williams] has had a full and fair opportunity to litigate all of the section 1983 claims and issues that he raises in his current suit and, as such, all of those claims are precluded from further review." *Id.* (citing *Johnson v. United States*, 576 F.2d 606, 614 (5th Cir. 1978)).

Here, Williams's prior § 1983 cases support a conclusion that his claims in this case are precluded. First, Defendants in this case, while not identical to the named defendants in the 2005 case, share privity with the defendants in the 2005 case. For res judicata purposes pertinent here, privity exists "where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). In this case, Defendant Collier is the Executive Director of the TDCJ, and Defendant Adams is a Parole Commissioner at the TBPP. *See* Mot. Dismiss 1. In the 2005 case, Williams sued defendants Rissi Owens, the Chairperson of the TBPP, and the Director of TDCJ-

11

CID Classification and Records. Collier and Adams are in privity with the named defendants in the 2005 case if their interests were adequately represented—that is, a named defendant in the 2005 case must have been "so closely aligned to [Collier and Adams's] interests as to be [their] virtual representative." *Sacks v. Tex. Southern Uni.*, 83 F.4th 340, 346 (5th Cir. 2023). Here, the defendants in the two cases are state officials employed by the same agencies—the TDCJ and the TBPP—and the claims for constitutional violations in this case and the 2005 case are premised on Defendants' roles as representatives of these agencies. Collier and Adams's interests therefore were adequately represented in Williams's prior lawsuits against various other state officials employed by the TDCJ and the TBPP. *See Welsh v. Correct Care, LLC*, 2020 WL 854244, at *11 (N.D. Tex. Jan. 30, 2020), *adopted by* 2020 WL 836835 (N.D. Tex. Feb. 20, 2020), *aff'd sub nom. Welsh v. McLane*, 2021 WL 5313626 (5th Cir. Nov. 15, 2021) (per curiam).

The remaining res judicata elements are satisfied as well. There is a prior judgment on the merits by a court of competent jurisdiction—an order from a federal district court dismissing the case with prejudice. *See* Judgment, *Williams v. Owens*, No. 6:05-cv-00420 (E.D. Tex. July 28, 2006), ECF No. 95; *Hillman v. City of McKinney*, 70 F.Supp.3d 790, 801 (E.D. Tex. 2014) ("A dismissal with prejudice is a final judgment on the merits") (internal quotations omitted). The same cause of action—§ 1983—was alleged in this case as well as in the 2005 and 2018 cases. And although Williams did not explicitly raise his claims under the First, Fifth, Sixth, Eighth, and Thirteenth Amendments in the 2005 case, they arise

12

in this case out of the same facts and therefore could have been raised in the 2005 case as part of Williams's § 1983 claim. *See Williams*, 2018 WL 851377, at *4. Williams has had a full and fair opportunity to litigate his § 1983 claims—in fact, he has had several opportunities. Accordingly, the District Judge should dismiss the § 1983 claims with prejudice as barred by res judicata.

    2. *Tort Claims*

Next, Defendants argue that Williams's tort claims for negligence and false imprisonment must be dismissed as barred by sovereign immunity because his "allegations do not set forth facts that properly fall within the limited waivers of sovereign immunity" under the Texas Tort Claims Act. Mot. Dismiss 13. Williams names Collier and Adams in both their individual and official capacities, alleging that Defendants were negligent by failing to correct his records, and that the "false information in the files caused plaintiff to serve an illegal sentence for 20 years." Am. Compl. 3. Williams alleges that he was falsely imprisoned due to his sentences being incorrectly calculated. *Id*. at 6.

The State of Texas, its agencies, and state officials sued in their official capacity are protected from suit in federal court by sovereign immunity, unless the legislature waives that immunity. *Union Pacific R. Co. v. Louisiana. Pub. Serv. Com'n*, 662 F.3d 336, 340 n.3 (5th Cir. 2011); *Sherwinski v. Peterson,* 98 F.3d 849, 851 (5th Cir. 1996). The TTCA explicitly waives the State of Texas's sovereign immunity from tort claims in a few narrow circumstances. *See* Tex. Civ. Prac. & Rem. § 101.021(1)–(2). But the Fifth Circuit has held that "a state does not waive

13

Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts." *Sherwinski*, 98 F.3d at 851–52. The TTCA, then, does not waive immunity from suit in federal court, and Defendants retain that immunity as state officials.[6] *Gonzales v. Hunt Cty. Sheriff's Dep't*, 2021 WL 2580556, at *2 (N.D. Tex. June 23, 2021) (citing Tex. Civ. Prac. & Rem. Code § 101.102(a)).

Here, Defendant Collier is the Executive Director of the TDCJ, a state agency that enjoys immunity from suit in federal court. *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam). And Defendant Adams is a Parole Commissioner on the TBPP, which is also a state agency protected by sovereign immunity. *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam). As state officials sued in their official capacity, Defendants are entitled to sovereign immunity. *Tawakkol v. Vasquez*, 87 F.4th 715, 718 (5th Cir. 2023) ("Sovereign immunity under the Eleventh amendment precludes suits by private citizens against states in federal court. This bar extends not only to the state itself, but also to claims against 'state officials' in their official capacity when the state is

---

[6] In certain cases, a state defendant's removal of a case involving state law and/or federal law claims to federal court may constitute waiver of the state's sovereign immunity from suit. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236 (5th Cir. 2005). But the Fifth Circuit in *Meyers* left open the possibility that a state, despite waiving sovereign immunity from suit by removing to federal court, may retain a separate immunity from liability. *Id.* at 252–54. Given the unsettled nature of this issue, and the fact that Williams did not raise a waiver argument in his Response to Defendants' Motion or his other filings, the Court will not consider whether Defendants have waived sovereign immunity.

14

the real party in interest"). Therefore, to the extent Williams brings claims against Defendants that are not barred by res judicata, the claims are barred by Eleventh Amendment sovereign immunity and should be dismissed.

To the extent Williams sues Defendants for negligence and false imprisonment in their individual capacities, these claims must also fail. The TTCA provides that "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." Tex. Civ. Prac. & Rem. Code § 101.106(f).

Here, Williams's allegations are based solely on conduct within the general scope of Defendants' employment at the TDCJ and the TBPP—the computation of Williams's sentences and parole procedures. *See* Am. Compl. 5–6. The Amended Complaint includes no allegations of individual negligence by either Adams or Collier, nor any allegations that either Adams or Collier individually caused him to be falsely imprisoned. Therefore, to the extent that Williams sues Defendants in their individual capacities for negligence and false imprisonment, these claims must be dismissed under Tex. Civ. Prac. & Rem. § 101.103(f). *See Horttor v. Livingston*, 2019 WL 2287903, at *6 (N.D. Tex. May 29, 2019) (dismissing claims against individual state defendants because the employees were acting within the scope of their employment, and explaining that "this provision applies regardless

15

of whether sovereign immunity would ultimately bar the claim against the government unit").

Because Williams's state law tort claims are barred by Eleventh Amendment sovereign immunity, and his allegations are based on conduct within the scope of Defendants' employment as state officials, his negligence and false imprisonment claims should be dismissed.

## Recommendation

The District Judge should DENY Williams's motions to remand (ECF Nos. 13, 22), GRANT Defendants' Rule 12(c) motion (ECF No. 6), and DISMISS this case with prejudice. The Court need not reach any of the other pending motions. ECF Nos. 11, 15, 16, 17, 20, 21, 23).

**SO RECOMMENDED.**

June 20, 2024.

                                            REBECCA RUTHERFORD
                                            UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved part from appealing the factual findings and legal conclusion of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Automobile Ass'n*. 79 F.3d 1415, 1417 (5th Cir. 1996).